908 F.2d 972
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdul AL-BARI aka Johnny White, Plaintiff-Appellant,
v.
Steve NORRIS, Commissioner of the Tennessee Department of
Corrections, and Samuel Carson, Defendants, and
Otis Jones, Warden, Brushy Mountain State Prison and Joe
Crichton, Chaplain, Brushy Mountain State Prison,
Defendants-Appellees.
 No. 89-5302.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1990.
 
 Before KRUPANSKY and ALAN E. NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Abdul Al-Bari aka Johnny White, a prisoner at Brushy Mountain State Prison in Tennessee, has appealed from a judgment entered pursuant to a directed verdict by the United States District Court for the Eastern District of Tennessee in an action brought pursuant to 42 U.S.C. Sec. 1983 for violation of his constitutional rights under the first and fourteenth amendments, specifically his right to freely exercise his religion and right to due process of law. Judgment was entered in favor of defendants-appellants Otis Jones, Warden of Brushy Mountain State Prison and Joe Crichton, Chaplain at Brushy Mountain State Prison.[1]
 
 
 2
 On July 29, 1987, appellant was sent to maximum security at Fort Pillow State Prison Farm pending an investigation for allegedly assaulting the prison chaplain. Appellant was afforded a hearing before the prison disciplinary board and found guilty of the assault charge on August 6, 1987 and was transferred to Brushy Mountain State Penitentiary on the same date, where he was placed in maximum security in D-block, to serve his administrative sentence.[2]
 
 
 3
 Because maximum security prisoners in administrative detention are presumed to be more prone to violence, they are denied possession of restricted items which may be used to cause disturbances. A pretrial affidavit by Warden Jones indicated that the purpose of D-block was to isolate each inmate from all the other inmates, that oil of any type was not allowed in D-block because it is flammable and constitutes a fire hazard and that robes were not permitted in D-block because they facilitated the concealment of contraband.
 
 
 4
 On September 10, 1987, appellant filed a complaint in district court alleging that he had been denied the opportunity to speak to a Muslim Imam, denied possession of prayer oil and a prayer robe, thus infringing on his right to practice his religion.[3] In a supplemental complaint, appellant alleged that his presence in administrative detention had been accomplished without due process of law.
 
 
 5
 The parties consented to proceed to trial before a United States Magistrate. After appellant concluded his case, appellees moved for a directed verdict, which the magistrate granted. The magistrate denied appellant's motion for a new trial and appellant filed a timely notice of appeal.
 
 
 6
 On appeal, appellant claims that the magistrate erred in directing a verdict for appellees, in not permitting certain evidence to be admitted, and in not issuing writs of habeas corpus ad testificandum to certain prisoners in various prisons in Tennessee.
 
 
 7
 Upon review of the appellant's assignments of error, the record in its entirety, and the briefs of the parties, this court concludes that the magistrate committed no error. Accordingly, the judgment of the district court is AFFIRMED for the reasons stated in the opinion of the magistrate entered September 23, 1988.
 
 
 
 [1]
 Steve Norris, Commissioner of the Tennessee Department of Corrections, and Samuel Carson, a guard captain at Brushy Mountain were dismissed from this suit in earlier proceedings and are not involved in the appeal
 
 
 [2]
 Appellant was subsequently acquitted of the assault charge in court, but this did not affect his administrative sentence
 
 
 [3]
 Appellant made several other allegations which were subsequently dismissed on summary judgment and are not before this court on appeal